IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN DUVALL ) | | |
| Register No. 444618, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4170-CV-C-NKL | |
| ) | | |
| LARRY CRAWFORD, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in an Oklahoma penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff's original and amended complaints seek monetary, declaratory and injunctive relief for alleged violation of his civil rights. Named defendants are Larry Crawford, Michael Wilson, Michael Fusselman, Michael Birmingham, Stephanie Marie Morrell, Amy Sanders, Steve Lakey, J. David Hofman, Michael Kemna and James Ray Maxey.

Plaintiff alleges that defendants participated in a conspiracy to murder him in order to cover up a scheme by state officials to defraud Medicaid by falsely diagnosing women and children with Munchausen by Proxy to justify removing children from their mothers and placing them in foster care for purposes of obtaining Federal Incentive Funds. Plaintiff further alleges he was falsely arrested and convicted; that his home was illegally searched and private property was illegally seized; and that defendants tried to have him murdered, denied him medical care, denied him access to courts, and retaliated against him for filing grievances. Plaintiff further seeks an order to have defendant Crawford provide plaintiff with case citations (legal materials) and that defendant remove and destroy the false

investigative report from plaintiff's parole file. Finally, plaintiff seeks to have the court order all defendants to provide the court with fingerprints for criminal investigation purposes.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Upon review of plaintiff's claims pursuant to the Act, his claims challenging alleged illegal occurrences with regard to his criminal conviction, and claims alleging criminal conspiracy to commit murder should be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. 1983. Plaintiff's injunctive request for a court order regarding obtaining fingerprints of defendants for criminal investigation should also be dismissed.

Plaintiff's allegations that defendants, including the Monroe County, Missouri, prosecuting attorney subsequently appointed as a Monroe County Circuit Judge, attempted to have him murdered, are fanciful and/or delusional and should be dismissed.

Plaintiff's claims challenging Monroe County officials' search of his home as violation of his Fourth Amendment rights are claims that must be brought via plaintiff's criminal state post-conviction proceedings and/or federal habeas corpus proceedings. If plaintiff is able to invalidate his conviction or sentence, he may refile his section 1983 civil rights claims at that time. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff will be granted leave to proceed on his claims of denial of medical care, access to courts, retaliation, and claims alleging a false investigation report in his parole file. Although plaintiff's allegations may not be sufficient to withstand a motion to dismiss or for

2

summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $17.50[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his claims against Missouri Department of Corrections defendants Lakey, Kemna and Crawford on claims of denial of

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

3

medical care, access to courts, retaliation, and false investigative report contained in plaintiff's parole file . It is further

ORDERED that within thirty days, plaintiff make an initial payment of $17.50 toward the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims against defendants Wilson, Fusselman, Birmingham, Morrell, Sanders, Hofman, and Maxey be dismissed. It is further

RECOMMENDED that, pursuant to 28 U.S.C. § 1915A, plaintiff's claims challenging alleged illegal occurrences with regard to his criminal conviction and claims alleging criminal conspiracy to commit murder be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. 1983. It is further

RECOMMENDED that plaintiff's injunctive request for a court order regarding obtaining fingerprints of defendants for criminal investigation be denied. It is further

RECOMMENDED that plaintiff's claims challenging Monroe County officials' search of his home be dismissed, without prejudice.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 4th day of October, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

5