IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN DUVALL<br>Register No. 444618,<br><br>           Plaintiff,<br><br>           v.<br><br>LARRY CRAWFORD, et al.,<br><br>           Defendants. | No. 05-4170-CV-C-NKL |

**ORDER**

On October 4, 2005, the United States Magistrate Judge recommended that plaintiff's claims against defendants Wilson, Fusselman, Birmingham, Morrell, Sanders, Hofman, and Maxey be dismissed; that, pursuant to 28 U.S.C. § 1915A, plaintiff's claims challenging alleged illegal occurrences with regard to his criminal conviction and claims alleging criminal conspiracy to commit murder be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. 1983; that plaintiff's injunctive request for a court order to obtain fingerprints of defendants for criminal investigation be denied; and that plaintiff's claims challenging Monroe County officials' search of his home be dismissed, without prejudice.

The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on October 24, 2005, and his motions to dismiss defendants Wilson, Fusselman, Birmingham, Hoffman, Maxey, Morrell and Sanders filed on December 12 and 15, 2005. Pursuant to the report and recommendation of the Magistrate Judge and plaintiff's voluntary motions to dismiss, plaintiff's claims against defendants Wilson, Fusselman, Birmingham, Hoffman, Maxey, Morrell and Sanders are dismissed, without prejudice.

The further issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the

Magistrate Judge is correct and should be adopted. Plaintiff's claims challenging alleged illegal search and seizure and other occurrences with regard to his criminal conviction are dismissed, without prejudice. Plaintiff may seek relief of such claims via plaintiff's criminal state post-conviction proceedings and/or federal habeas corpus proceedings. If plaintiff is able to invalidate his conviction or sentence, he may refile his section 1983 civil rights claims at that time. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's allegations of a conspiracy by persons, including the prosecuting attorney, now Circuit Judge, of Monroe County, Missouri, to have him murdered, are claims which are fanciful and clearly baseless. Plaintiff's allegations that persons continue to attempt to have him killed to prevent him from testifying as to a scheme by the Missouri Department of Corrections which he alleges defrauds Medicaid by falsely diagnosing women and children with Munchausen-by-Proxy to justify removing children from their mothers and placing them in foster care for purposes of obtaining Federal Incentive Grants, are wholly incredible.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Baseless, factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted). Therefore, plaintiff's fanciful and wholly incredible claims alleging criminal conspiracy to murder him are dismissed, pursuant to 28 U.S.C. 1915, as frivolous.

Although plaintiff was granted leave to proceed on his claim regarding a false report in his parole file, upon further review, such claim is also dismissed. Plaintiff's claim that a false report was placed in his parole file does not challenge the use of such report in his parole consideration, but rather, is a claim that such report was written in order to obtain an institutional transfer to facilitate the murder plot against him. Therefore, such claim is also fanciful and is dismissed. Moreover, the court notes that such claim appears to be directed at defendant Sanders, whom plaintiff has motioned to voluntarily dismiss.

Plaintiff's injunctive request for a court order to obtain fingerprints from all defendants for criminal investigation is denied.

As set forth by the order of the Magistrate Judge, plaintiff has been granted leave to proceed against defendants Lakey, Kemna and Crawford on his claims of denial of medical care, access to courts, and retaliation.

IT IS, THEREFORE, ORDERED that plaintiff's claims against defendants Wilson, Fusselman, Birmingham, Hofman, Maxey, Morrell and Sanders and claims challenging Monroe County officials' search of plaintiff's home and alleged illegal occurrences with regard to plaintiff's criminal conviction are dismissed, without prejudice, for failure to state a claim on which relief may be granted, pursuant to the provisions of 28 U.S.C. § 1915 [6, 22, 23]. It is further

ORDERED that plaintiff's claims alleging criminal conspiracy to murder him, including claims alleging a false report being placed in his parole file, are dismissed, as frivolous, pursuant to 28 U.S.C. § 1915. It is further

ORDERED that plaintiff's injunctive request for fingerprints of defendants for criminal investigation is denied.

/s/ Nanette Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: 12-29-05
Jefferson City, Missouri

3

Case 2:05-cv-04170-NKL   Document 26   Filed 12/29/05   Page 3 of 3