IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOHN DUVALL, Register No. 444618,  )
                                    )
                Plaintiff,          )
                                    )
        v.                          )     No. 05-4170-CV-C-NKL
                                    )
LARRY CRAWFORD, et al.,             )
                                    )
                Defendants.         )

## REPORT AND RECOMMENDATION

Plaintiff John Duvall, an inmate confined in an Oklahoma penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On December 2, 2005, Missouri Department of Corrections (MDOC) defendants, Larry Crawford, Steve Lakey and Michael Kemna filed a motion to dismiss plaintiff's claims for failure to exhaust administrative remedies and for failure to state a claim on which relief may be granted. Plaintiff filed a response and defendants filed a reply.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In the relevant years of 2002 and 2003 at issue in plaintiff's claims, the Department of Corrections' grievance procedures were considered exhausted when a response was received from the division director. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. II(I) (2002). Furthermore, section 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined,

the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.  <u>Graves v. Norris</u>, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

In the instant case, defendants have provided copies of plaintiff's Informal Resolution Requests (IRR's) and grievances filed, arguing that although plaintiff has filed IRR's and grievances on some issues related to his allegations in his complaint, he has not exhausted such claims.  Plaintiff argues that his IRR's processed by defendant Lakey, and marked unsatisfactory by plaintiff, were not being returned to him, such that he could file the appropriate grievance or appeal.

To the extent plaintiff alleges that MDOC's failure to respond to his IRR's or grievances interfered with his ability to exhaust his administrative remedies, the court finds such argument to be unfounded.  The court takes judicial notice of the fact that MDOC's 2002 procedure manual states that the "[e]xpiration of the response time limit at any stage of the process shall allow the grievance to move to the next stage of the process by notifying the grievance officer."  MDOC Procedure D5-3.2, Offender Grievance (2002), Nos. III (K)(9), (L)(18), and (M)(11).[1]  Thus, plaintiff had the opportunity, pursuant to the prison grievance procedure manual, to continue with his claims to the point of administrative exhaustion, even if prison officials failed to respond to his initial IRR or grievances.  To the extent plaintiff alleges that he did not exhaust because he was not informed of the grievance procedures as other inmates were, the court finds such allegation is also unfounded.  Plaintiff filed numerous IRR's and grievances while incarcerated during 2002 and 2003 at Crossroads Correctional Center and, in fact, exhausted his claims regarding denial of access to courts.  Thus, it is clear plaintiff was aware and understood the prison grievance procedures, and his claim that he was not aware of the exhaustion of administrative remedies procedures fails.

Furthermore, the court finds that the IRR's and grievances which were filed by plaintiff failed to set forth his claims of retaliation or denial of medical care against defendants Crawford,

---

[1] In the years since 2002, all MDOC procedure manuals have included language specifically allowing a prisoner to move to the next stage of the grievance process if a timely response is not received from MDOC.

2

Lakey or Kemna. Plaintiff's claims of denial of medical care make only general allegations that since 2001 he has been denied appropriate medical diagnosis, treatment and care, including renewal of pain medications. Such IRR's and/or grievances do not indicate that nonmedical MDOC defendants Crawford, Lakey and Kemna were responsible for such alleged denial of medical care. As to plaintiff's retaliation allegations, plaintiff filed only one grievance which mentioned alleged retaliatory conduct. Such grievance failed to identify defendants Crawford, Lakey or Kemna, or state why he believed they were retaliating against him. Thus, the court also finds the IRR's and grievances filed by plaintiff were insufficient to put defendants on notice of the claims against them, even if plaintiff had exhausted.

*Access to Courts*

Although the IRR and grievances indicate plaintiff exhausted his administrative remedies regarding his access-to-courts claim contained in his complaint, the court finds such claim should be dismissed for failure to state a claim on which relief may be granted.

Although inmates undeniably enjoy a constitutional right of access to courts, Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996) (citing Lewis v. Casey, 116 S. Ct. 2174, 2179 (1996)), such access does not require unlimited access to legal supplies or even access to a law library. Id. Rather, access need only be meaningful in order to be constitutional. Id. Moreover, to state a claim of denial of access to courts, an inmate must have suffered an actual injury to a pending or contemplated legal claim. Id.

In the instant case, in his response to the motion to dismiss, plaintiff concedes that prior to the filing of his complaint, he suffered no actual injury, but argues that he has subsequently sustained the required actual injury. The court finds plaintiff's argument unpersuasive. Plaintiff's allegation of actual injury appears to be nothing more than a bald assertion in an attempt to conform his claims to defeat dismissal. Plaintiff fails to state or even generally reference what "actions" of his have suffered actual injury. Moreover, even if plaintiff has suffered actual injury subsequent to the filing of his complaint, such a claim could not have been exhausted prior to the filing of his original complaint, and thus, could not meet the required exhaustion of administrative remedies, pursuant to 42 U.S.C. § 1997e.

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's complaint be dismissed, pursuant to 42 U.S.C. § 1997e [19]. It is further

3

RECOMMENDED that plaintiff's claim of denial of access to courts be dismissed, with prejudice, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915. It is further

RECOMMENDED that plaintiff's remaining claims of denial of medical care and retaliation against all defendants be dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 28th day of February, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge